UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ALEX SANDOVAL,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>WARDEN,<br><br>　　　　　Respondent. | Case No. CV 18-2292-SVW (JEM)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY |

On March 20, 2018, Alex Sandoval ("Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). For the reasons set forth below, the Petition should be dismissed with prejudice.

## PETITIONER'S CLAIM

Petitioner claims that the fine imposed upon him at sentencing is unconstitutional. (Petition at 5.) On or about April 4, 1996, in Los Angeles County Superior Court case number BA086251, Petitioner was convicted of first degree murder in violation of Cal. Penal Code § 187. (Id. at 2; Ex. A at 2.) On or about May 21, 1996, he was sentenced to a term of life in prison without the possibility of parole and ordered to pay a $10,000 restitution fine. (Petition at 1, 7; Ex. A at 2.) Specifically, Petitioner alleges that the $10,000 fine imposed at sentencing is excessive in violation of the Eighth Amendment. (Petition at 5, 7.)

**DISCUSSION**

I.  **Duty to Screen**

This Court has a duty to screen habeas corpus petitions. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes. Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief, the judge shall make an order for summary dismissal of the petition. Id.; see also Local Rule 72-3.2.

II. **Petitioner Has Failed to State a Cognizable Habeas Claim**

Petitioner claims that the $10,000 restitution fine imposed at sentencing violates state law and the Excessive Fines Clause of the Eighth Amendment. (Petition at 5, 7-14.)

Section 2254(a) permits a habeas petition to be entertained only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, federal habeas corpus relief "does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990); see also Estelle, 502 U.S. at 67. Accordingly, Petitioner's contention that the restitution order violates state law is not a basis for federal habeas relief.

Petitioner asserts a federal claim under the Excessive Fines Clause. But his constitutional claim lacks any nexus to the validity or duration of his confinement. Section 2254(a) "explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody." Bailey v. Hill, 599 F.3d 976, 980 (9th Cir. 2010). A petitioner's challenge to a restitution order does not provide such a nexus and does not implicate the validity of his custody. Id. at 980-81. Thus, "§ 2254(a) does not confer jurisdiction over a state prisoner's in-custody challenge to a restitution order imposed as part of a criminal sentence." Id. at 982. If Petitioner prevailed on his constitutional challenge to the restitution order, he would reduce his restitution obligations but the length of his confinement would not change. Id. at 981. Because the Petition challenges only the restitution portion of Petitioner's sentence, the Court is without jurisdiction to consider it. See Rodriguez v. Cate, 475 F. App'x 679, 679 (9th Cir. 2012) (district court properly dismissed petition because it "lacked jurisdiction to consider

[petitioner's] claims that the restitution order imposed as part of his sentence violated his" constitutional rights).

Accordingly, Petitioner is not entitled to federal habeas relief on his claim, and the Petition should be summarily dismissed with prejudice.

**III.   A Certificate of Appealability Is Denied**

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." For the aforementioned reasons, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c)(2). Accordingly, a certificate of appealability is denied.

**ORDER**

Based on the foregoing, IT IS ORDERED THAT: (1) the Petition is dismissed with prejudice; and (2) a certificate of appealability is denied.

DATED:  April 3, 2018

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE